```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
              EASTERN DIVISION
```

| | |
|---|---|
| **BRYAN CRAIG** ) <br> ) <br>       Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> **RICH TOWNSHIP HIGH SCHOOL DISTRICT** ) <br> **227; BOARD OF EDUCATION OF RICH** ) <br> **TOWNSHIP HIGH SCHOOL DISTRICT 227;** ) <br> **DONNA LEAK, in her capacity as** ) <br> **Superintendent of Rich Township High** ) <br> **School District 227; BETTY J. OWENS,** <br> **in her capacity as President, Board** <br> **of Education of Rich Township High** <br> **School District 227; SHEILA FRIDAY,** <br> **CHERYL COLEMAN, DAVID MORGAN,** <br> **EMMANUEL IMOUKHUEDE, AND SONYA** <br> **NORWOOD**, **in their capacities as** <br> **Board Members, Board of Education of** <br> **Rich Township High School District** <br> **227,** <br> <br>       Defendants. | No. 12 C 7581 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bryan Craig filed this lawsuit under 42 U.S.C. § 1983 against defendants Rich Township High School, District 227; the Board of Education of Rich Township High School, District 227; Dr. Donna Leak, in her official capacity as Superintendent of Rich Township High School, District 227; Betty J. Owens, in her official capacity as President of the Board of Education of Rich Township High School, District 227; and Sheila Friday, Cheryl Coleman, David Morgan, Emmanuel Imoukhuede, and Sonya Norwood, in their official

capacities as Board Members of the Board of Education of Rich Township High School, District 227. Plaintiff alleges, in his one-count complaint, that defendants violated his constitutional rights under the First and Fourteenth Amendments when they fired him after he self-published the book "It's Her Fault." Defendants move to dismiss plaintiff's complaint in its entirety. For the reasons given below, defendants' motion is granted.

I.

According to plaintiff's complaint, plaintiff was employed as a tenured guidance counselor by Rich Township High School, District 227 ("the District") and the Board of Education of Rich Township High School, District 227 ("the Board"). In July 2012, he self-published a book entitled "It's Her Fault." Plaintiff describes the book as a "self-help book" about relationships between men and women. In September 2012, defendant Donna Leak sent plaintiff a letter indicating that there had been an investigation into concerns raised about the book's publication and including a copy of "charges" and "bill of particulars" brought against plaintiff. In defendant Leak's opinion, the charges provided good cause for a recommendation for plaintiff's dismissal. Indeed, on September 18, 2012, the Board issued a resolution, signed by the defendant Board members, to effectuate plaintiff's dismissal.

Instead of pursuing his right to a review of the Board's decision under state law, plaintiff filed this lawsuit. He claims

2

that defendants have restrained his right to free speech and retaliated against him in violation of the First and Fourteenth Amendments.

## II.

For purposes of deciding a motion to dismiss, I accept all well-pleaded allegations as true and draw all reasonable inferences in plaintiff's favor. *Opp v. Office of State's Attorney of Cook County*, 630 F.3d 616, 619 (7th Cir. 2010) (citations omitted). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "the bar to survive a motion to dismiss is not high, the complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1973 (2009)).

## III.

Defendants argue that plaintiff has not stated a First Amendment claim. Evaluating plaintiff's claim requires a three-step analysis:

> First, the court must determine whether the plaintiff's speech was constitutionally protected. If so, then the plaintiff must prove that the defendant's actions were motivated by the plaintiff's constitutionally protected speech. Finally, if the plaintiff can demonstrate that his constitutionally protected speech was a substantial or motivating factor in the defendant's actions, the defendant is given the opportunity to demonstrate that it would have taken the same action in the absence of the plaintiff's exercise of his rights under the First Amendment.

*Kokkinis v. Ivkovich*, 185 F.3d 840, 843 (7th Cir. 1999) (citations omitted).

The first step in this analysis is a question of law for the court. *Id.* (citations omitted). If the plaintiff is speaking as a citizen, as is the case here, *see Bivens v. Trent*, 591 F.3d 555, 560 (7th Cir. 2010) (discussing *Garcetti v. Ceballos*, 547 U.S. 410, 126 S.Ct. 1951 (2006)), this first step involves a two-part test ("the *Connick-Pickering* test"). *Kokkinis*, 185 F.3d at 843.

> First, the court must determine whether the plaintiff's speech addressed a matter of public concern. *See Connick* [*v. Myers*, 461 U.S. 138, 147-48, 103 S.Ct. 1684 (1983)]. If this hurdle is cleared, the court must then apply the *Pickering* balancing test to determine whether "the

4

> interests of the [plaintiff], as a citizen, in commenting upon matters of public concern" outweigh "the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Pickering v. Board of Educ. of Township High Sch. Dist. 205*, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

*Kokkinis*, 185 F.3d at 843-44. Even if the speech in question is on a topic of public *interest*, determining whether speech addresses a matter of public *concern* requires courts to "delve deeper into the precise content, form, and context of speech that admittedly may be of some interest to the public." *Id.* at 844 (quoting *Cliff v. Bd. of Sch. Comm'rs of Indianapolis*, 42 F.3d 403, 410 (7th Cir. 1994)). "[I]t is necessary to 'look at the point of the speech in question: was it the employee's point to bring wrongdoing to light? Or to raise other issues of public concern, because they are of public concern? Or was the point to further some purely private interest?" *Id.* (quoting *Callaway v. Hafeman*, 832 F.2d 414, 417 (7th Cir. 1987)).

My analysis begins and ends with the first prong of the *Connick-Pickering* test. Plaintiff's complaint, alone, is insufficient to survive a motion to dismiss. The bare legal conclusion that the book is on a matter of public concern is not enough to state a First Amendment claim. Further, the few facts

5

pleaded in the complaint (that the book is a "self-help" book on relationships between men and women) are not sufficient to plausibly establish that the book is on a matter of public concern. That plaintiff self-published the book, suggests that the book, though public, may not be a matter "in which the public might be interested." *Dishnow v. Sch. Dist. of Rib Lake*, 77 F.3d 197 (1996). Moreover, plaintiff misunderstands his burden in establishing that "It's Her Fault" is on a matter of public concern. Whether speech is on a matter of public concern is a matter of law and courts can and do decide this issue on motions to dismiss. *See Khuans v. Sch. Dist. 110*, 123 F.3d 1010, 1016-17 (7th Cir. 1997). It is not enough for plaintiff to merely assert that because the book addresses relationships between adult men and women, it is a matter of public concern. Such a statement is too vague to state a claim. "[S]peaking up on a topic that may be deemed one of public importance does not automatically mean the employee's statements address a matter of public concern as that term is employed in *Connick*." *Kokkinis*, 185 F.3d at 844 (citation omitted). Similarly, the mere fact that plaintiff has self-published his book, making it available to the public and purportedly part of some public discourse, is not enough to satisfy the first prong of the *Connick-Pickering* test. *See id.* (finding that the fact the plaintiff's statements "were made in the course of a news program covering sex discrimination" was not enough,

standing alone, to establish that the speech was on a matter of public concern).

However, that plaintiff's complaint does not, on its face, satisfy the plausibility test does not end the analysis because, in response to defendants' motion, plaintiff has attached the text of the book along with the charges and bill of particulars adopted by the Board. These reveal that though plaintiff describes "It's Her Fault" as a "self-help" book on relationships, it is actually little more than a lurid account of plaintiff's own sexual preferences and exploits. The first two chapters at least superficially discuss the balance of power between men and women in relationships, but by the third chapter plaintiff's narration is focused on his own attraction to women, from ogling a "sexy young lady" at the mall to working after-hours at a strip club, where he has learned that a stripper's "mindset is in the right place in order to meet the true potential of the point of this book." (*See* "It's Her Fault," Dkt. No. 19-1, at 8). Plaintiff then goes on to explain "PIMP 101," to urge women to "enter the wonderful world of submissiveness," to describe in detail the vaginas of women of different races, and to advise men to cheat and engage in sexual exploits. (*See id., passim*). Plaintiff has attempted to lend some value and validity to his book based on, in relevant part, his credentials as a high school girls basketball coach and a high school guidance counselor (for defendants) who is "responsible for

7

roughly 425 high school students a year" (see "It's Her Fault," Dkt. No. 19-1, at 4), but his credentials and superficial discussions of relationships between men and women do not convert his book into speech on a matter of public concern.

Simply because plaintiff's book touches on a matter of public interest (relationships between men and women) does not mean that it addresses a matter of public concern such that it satisfies the *Connick-Pickering* test. *See Kokkinis*, 185 F.3d at 844. The Supreme Court has stated that "public concern is something that is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public at the time of publication." *City of San Diego, California v. Roe*, 543 U.S. 77, 83-84, 125 S.Ct. 521 (2004). The Court further suggested that in evaluating the employee's purpose, it is important to consider whether the employee "discussed subjects that could reasonably be expected to be of interest to persons seeking to develop informed opinions about the manner in which" the government agency for which he works functions or operates. *Id.* at 84 (quoting *Connick*, 461 U.S. at 163, 103 S.Ct. 1684 (Brennan, J., dissenting)). The Court had no difficulty in *City of San Diego* determining that the plaintiff police officer's speech (a sexually explicit video of him stripping off a police uniform and masturbating, which he sold on eBay) did not qualify as a matter of public concern. *Id.* Though plaintiff here attempts to dress his book in more noble clothing,

8

I, too, conclude that "It's Her Fault" does not meet the threshold test of the *Connick-Pickering* analysis.

Moreover, like the plaintiff in *City of San Diego*, plaintiff here has exploited his position as a high school guidance counselor and there is no question that the speech is "detrimental to the mission and functions of the employer," including policies regarding discrimination based on gender or sex. *See id.* at 84. As a result, plaintiff cannot establish that his book, "It's Her Fault," is a matter of public concern, and his First Amendment claim must be dismissed.

Defendants also argue that plaintiff has failed to state a Fourteenth Amendment liberty interest claim. In his complaint, plaintiff purports to bring a due process claim, alleging that defendants have deprived him of his liberty interest in pursuing his profession and maintaining his professional reputation. (Compl., at ¶ 36). Defendants contend that plaintiff has failed to state such a claim in part because he has not alleged that the defendants publicly disclosed stigmatizing information about plaintiff. Not only has plaintiff failed to respond to this argument, but defendants' argument has merit. "To prove a deprivation of [a] liberty interest, a plaintiff must establish that the defendant publicly disclosed stigmatizing information that caused the plaintiff to suffer a tangible loss of other employment opportunities." *RJB Properties, Inc. v. Bd. of Educ. of City of*

*Chicago*, 468 F.3d 1005, 1011 (7th Cir. 2006). By failing to plead any publication on the part of defendants, plaintiff has not stated a claim for deprivation of his liberty interest without due process.

IV.

For the foregoing reasons, defendants' motion to dismiss is granted and plaintiff's complaint is dismissed with prejudice.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: February 19, 2013